Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon Johnson Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4107 | **DATE** | July 6, 2011 |
| **CASE TITLE** | Michael Lafond (R-60610) vs. Templeton, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The Court orders the trust fund officer at Plaintiff's place of incarceration to deduct $4.50 from Plaintiff's account for payment to the Clerk of Court as an initial filing fee, and continue monthly deductions in accordance with this order. The Clerk is directed to send a copy of this order to the trust fund officer at the Robinson Correctional Center. However, summonses shall not issue at this time. The complaint on file is dismissed without prejudice. Plaintiff is granted thirty days to submit an amended complaint (plus a judge's copy and service copies). The Clerk is directed to send Plaintiff an amended civil rights complaint form with instructions and a copy of this order. Failure to submit an amended complaint within thirty days of the date of this order will result in summary dismissal of this case in its entirety.

■[For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff, Michael Lafond, an inmate at Robinson Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff is granted leave to file *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $4.50. The trust fund officer at Plaintiff's current place of incarceration is ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. This payment obligation will follow Plaintiff in the event of this transfer to any other correctional facility.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees.

Plaintiff alleges that he arrived at LaSalle County Jail on May 20, 2009. At that time, Plaintiff notified intake deputies that required medical treatment for an open wound on his right leg. His request for medical attention was denied. Plaintiff was placed in K-pod where his continued requests for medical treatment by unknown deputies were ignored. Plaintiff filed a grievance regarding the lack of medical care that the staff failed to answer.

Plaintiff next alleges that while he housed at LaSalle County Jail, he had no legal assistance and the jail has no law library to provide detainees with access to courts.

Plaintiff also alleges that on June 10, 2009, Lisa Von Ruden denied him visitation without being notice of any charge or a hearing . He alleges that Von Ruden's arbitrary treatment stemmed from Sheriff Templeton's policies, customs, and practices of allowing deputies discretion.

Plaintiff alleges that on August 18, 2009, he was denied medical treatment for hemorrhoids. Plaintiff's grievance regarding this lack of medical attention went answered. In addition, Lisa Von Ruden again subjected Plaintiff to arbitrary treatment the next day when he attempted to shower to relieve the pain of his hemorrhoids by not

giving him notice of a charge against him or allowing him to call witnesses.

Plaintiff identifies 3 specific claims against 4 Defendants. Claim one alleges he was denied access to the courts by failing to provide a law library or legal assistance and Sheriff Templeton's policy of not allowing detainees to exhaust there administrative remedies. Claim two alleges that he was denied proper medical attention. Claim three alleges a due process violation based on Von Ruden's arbitrary treatment of him.

Plaintiff must submit an amended complaint, as the document on file contains misjoined claims and Defendants. In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the U.S. Court of Appeals for the Seventh Circuit examined a prisoner complaint containing a laundry list of grievances. The Court of Appeals admonished the district court for failing to "question" Plaintiff's decision to "join 24 defendants, and approximately 50 distinct claims, in a single suit." *George*, 507 F.3d at 607. In the case at bar, Plaintiff has likewise submitted a complaint challenging distinct aspects of his confinement.

As discussed in *George*,

> The controlling principle appears in Fed. R. Civ. P. 18(a): "A party asserting a claim to relief . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees--for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

*George*, 507 F.3d at 607. Plaintiff's complaint containing three distinct claims against multiple Defendants cannot stand. *Id.* at 606.

In addition, while Plaintiff identifies four named Defendants in his complaint, he fails to make any allegations against two of the named Defendants – Art Preci and Jason Edgcomb. Thus, Plaintiff has failed to state any claim against these two Defendants.

For the foregoing reasons, Plaintiff's complaint is dismissed without prejudice. Plaintiff must choose a single, core claim to pursue under this case number. Any other claims Plaintiff may wish to prosecute must be brought in separate lawsuits.

For the foregoing reasons, the Court dismisses the complaint on file without prejudice. Plaintiff is granted thirty days in which to submit an amended complaint. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, Plaintiff must provide an extra copy for the judge; he must also submit a sufficient number of copies for service on each Defendant named in the amended complaint.

Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.

If Plaintiff fails to comply within thirty days, the case will be summarily dismissed on the understanding that Plaintiff does not wish to pursue his claims in federal court at this time.