Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon Johnson Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4107 | **DATE** | September 7, 2011 |
| **CASE TITLE** | Michael Lafond (R-60610) vs. Templeton, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's amended complaint [8] is dismissed without prejudice. Plaintiff is granted thirty days to submit a second amended complaint (plus a judge's copy and service copies). The Clerk is directed to send Plaintiff an amended civil rights complaint form with instructions and a copy of this order. Failure to submit a second amended complaint within thirty days of the date of this order will result in summary dismissal of this case in its entirety on the understanding that Plaintiff does not wish to pursue his claims in federal court at this time.

■[For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, Michael Lafond, an inmate at Robinson Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On July 6, 2011, Plaintiff was granted leave to proceed *in forma pauperis*. However, his complaint was dismissed without prejudice because it impermissibly contained misjoined claims and Defendants and because he failed to state a claim against two named-Defendants. Plaintiff has submitted an amended complaint.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of Plaintiff's amended complaint.

Plaintiff alleges that he arrived at LaSalle County Jail on May 20, 2009. At that time, Plaintiff notified intake deputies that required medical treatment for an open wound on his right leg. His request for medical attention was denied. Plaintiff was placed in K-pod where his continued requests for medical treatment by unknown deputies were ignored. Plaintiff filed a grievance regarding the lack of medical care that the staff failed to answer.

Plaintiff also alleges that on August 18, 2009, he was denied medical treatment for hemorrhoids by an unknown nurse. Plaintiff's grievance regarding this lack of medical attention went answered. Plaintiff alleges that he was unable to exhaust his administrative remedies because of the Defendant-Jail administrators "policies, custom or practice or from a knowing failure to supervise and train staff."

Plaintiff's amended complaint still contains misjoined claims and Defendants. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff's two medical claims are based on two separate incidents and are brought against different Defendants. Furthermore, Plaintiff's claims against the unknown Defendants related to his medical care appear to effectively be time-barred. Federal courts borrow and apply a state's personal injury statute of limitations to all Section 1983 claims. *Wilson v. Garcia*, 471 U.S. 261 (1984). The applicable statute in this instance is 735 ILCS 5/13-202, which provides that actions for damages shall be commenced within two years after the cause of action accrued. *Williams v. Lampe*, 399 F.3d 867, 869-70 (7th Cir. 2005); *Farrell v. McDonough*, 966 F.2d 279, 280-82 (7th Cir. 1992). Illinois no longer tolls the statute of limitations for inmates. *See Wilson v. Giesen*, 956 F.2d 738, 741(7th Cir. 1992). A Section 1983 action accrues when the plaintiff knew or had reason to know of the injury that is the basis of his claim. *See Sellars v. Perry*, 80 F.3d 243, 245 (7th Cir. 1996).

Here, Plaintiff 's medical claims are based on conduct by the Defendants in May and August of 2009. Thus, Plaintiff would have to name the actual Defendants involved in the alleged conduct before May and August of 2011. Naming the actual Defendants in a second amended complaint would not render his claims timely as to the newly-named Defendants because the inclusion of the newly-added Defendants in the second amended complaint would not appear to relate back to the original complaint. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-58 (7th Cir. 1993)

| STATEMENT |
|---|

(finding that the amended complaint that identified unknown defendants did not relate back to the original complaint and the claims against the newly-identified defendants were time-barred); *Hall v. Norfolk Southern Ry. Co.*, 479 F.3d 590, 596 (7th Cir. 2006) (for purposes of relating back, "[A] plaintiff's ignorance or misunderstanding about who is liable for his injury is not a 'mistake' as to the defendant's 'identity.' "). Accordingly, it appears that Plaintiff's claims against the individuals alleged to have violated his constitutional rights relating to his medical care are time-barred. *See Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002) (expiration of a statute of limitations is an affirmative defense, but "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit"). As to Plaintiff's claims against the Jail administrators in their official capacity, Plaintiff has not sufficiently stated a claim. Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, (1957)). The factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp.*, 550 U.S. at 555. "The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (citing *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009)).

Claims filed against government officers in their official capacity are actually claims against the government entity for which the officers work. *See Kentucky v. Graham*, 473 U.S. 159, 167 (1985); *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007). A governmental entity is liable for damages under Section 1983 only if the plaintiff can show that the alleged constitutional deprivation occurred as a result of an official policy, custom, or practice. *See Monell v. Department of Social Serv.*, 436 U.S. 658, 692 (1978) Unconstitutional policies or customs generally take three forms: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a usage or custom with the force of law; or (3) a constitutional injury was caused by a person with final policy-making authority. *Brokaw v. Mercer County*, 235 F.3d 1000, 1013 (7th Cir.2000). Plaintiff's conclusory statements regarding the Jail administrators are insufficient to state a claim against any Defendant in his official capacity. Plaintiff cannot "merely parrot the statutory language of the claims that they are pleading . . . rather than providing some specific facts to ground those legal claims. . . ." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. Aug. 20, 2009*)*. "[C]ourts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal arguments." *Brooks*, 578 F.3d at 581.

Furthermore, it is not clear what claim Plaintiff is attempting to raise against the Jail administrators. Plaintiff appears to be alleging that he was unable to complete the grievance procedure because of the Jail administrators. An inmate does not have a substantive due process right to a grievance procedure. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The only right attached to a grievance process is a procedural one, that an inmate must be allowed to exhaust his administrative remedies in order to pursue his right to access to the courts. *See Antonelli*, 81 F.3d at 1430; *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). Here, Plaintiff alleges his dissatisfaction with the grievance procedure and alleges he was unable to complete it; however, he does not alleges that it caused him the right to access the courts. Thus, Plaintiff has failed to state a claim regarding the grievance procedure.

For the foregoing reasons, the Court dismisses the complaint on file without prejudice. Plaintiff is granted thirty days in which to submit a second amended complaint. Plaintiff must write both the case number and the judge's name on the second amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, Plaintiff must provide an extra copy for the judge; he must also submit a sufficient number of copies for service on each Defendant named in the second amended complaint.

Plaintiff is cautioned that an amended pleading supersedes the previous complaints and must stand complete on its own. Therefore, all allegations must be set forth in the second amended complaint, without reference to the previous complaints. Any exhibits Plaintiff wants the court to consider in its threshold review of the second amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.

If Plaintiff fails to comply within thirty days, the case will be summarily dismissed on the understanding that Plaintiff does not wish to pursue his claims in federal court at this time.